# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | David H. Coar |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3141 | **DATE** | 9/16/2004 |
| **CASE TITLE** | Peter Hood vs. Dryvit Systems, Inc. [ Doc. No. 14-1]; [Doc. No. 14-2] | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiffs' Motion for Leave to File An Amended Complaint and Remand to State Court

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached memorandum opinion and order, Plaintiff's motion for leave to file an amended complaint and remand to state court is granted in part and denied in part. Plaintiff's motion for leave to file an amended complaint [Doc. No. 14-1] is GRANTED; plaintiff's motion to remand to state court [Doc. No. 14-2] is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

SEP 1 7 2004

PETER HOOD, )
)
Plaintiff, )
) No. 04 C 3141
v. )
) HONORABLE DAVID H. COAR
DRYVIT SYSTEMS, INC. )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Before this Court is Plaintiff Peter Hood's ("Plaintiff" or "Hood") motion for leave to file an amended complaint, and a motion to remand to state court. For the reasons set forth below, Plaintiff's motion for leave to file an amended complaint is GRANTED; Plaintiff's motion to remand to state court is DENIED.

### I. Procedural and Factual Background

On April 16, 2004, Hood filed a complaint[1] against Defendant Dryvit Systems, Inc. ("Defendant" or "Dryvit") in the Circuit Court of Cook County, Illinois ("Circuit Court"). Hood's First Complaint was based upon contracting work that was performed on his home. In 1993, Plaintiff contacted Forest Park Stucco to discuss the application of stucco to the original first floor of his home, as well as to a second floor addition. (First Compl., ¶ 4). After much

---

[1] Hood's Complaint filed on April 16, 2004 will hereinafter be referred to as his "First Complaint."

-1-

discussion, Forest Park Stucco persuaded Plaintiff to install Dryvitt Weatherlast Elastomeric finish coat. The Dryvit Weatherlast Elastomeric finish coat was marketed, advertised and promoted by Defendant as an efficient and economical protective coating for stucco. (See Id. at ¶ 5). Further, the Dryvit Weatherlast Elastomeric finish coat was marketed and sold as being impenetrable by water. (Id. at ¶ 6). Plaintiff contends that years after the application of the Dryvit Weatherlast Elastomeric finish coat, Plaintiff's home began to develop numerous areas of rust stains on its surface. (Id. at ¶ 7). Plaintiff contends that the Dryvit Weatherlast Elastomeric finish coat allowed water to penetrate inside the exterior, causing rot and rust to studs, and serious structural damage. (Id. at ¶ 8). Hood's First Complaint was based upon two theories for recovery: (1) violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2 *et. seq.;* and (2) common law misrepresentation. (See First Compl., ¶ 13). In his First Complaint, Hood avers that he was damaged in an amount "not less than $500,000." (FirstCompl., ¶ 13).

On April 30, 2004, Dryvit filed a notice of removal of Hood's First Complaint from Circuit Court to this Court, pursuant to 28 U.S.C. § 1446. Defendant noted diversity of citizenship pursuant to 28 U.S.C. § 1332(a) as its basis for jurisdiction.[2] In its notice of removal, Defendant notes that Plaintiff alleges damages not less than $500,000, resulting from the diminution to the value of his home as a result of Dryvit's alleged false and misleading representations concerning its Weatherlast Elasomeric finish coat. It is based upon these allegations that Dryvit suggests that the Complaint, on its face, indicates that the amount-in-

---

[2] In his First Complaint, Plaintiff alleges that he is a citizen of Illinois, (See First Compl., ¶ 1), and that Dryvit is incorporated in Rhode Island, and has its principal place of business in Rhode Island (See First Compl., ¶ 2). Neither party disputes that diversity of citizenship exists.

controversy exceeds the jurisdictional amount specified in 28 U.S.C. § 1332(a) which is $75,000. In addition, on April 28, 2004, Dryvit served Hood with several requests for admissions and interrogatories regarding whether the amount sought by Plaintiff exceeded $75,000.[3]

On May 27, 2004, Hood filed his first motion to remand to state court, as well as a motion for leave to file an amended complaint. In support of his first motion to remand, Plaintiff contended that in paragraph 2 of his first motion to remand, he inadvertently placed an extra "0" in the amount of damages sought, thereby pleading a damage total of "$500,000" instead of "$50,000." On June 17, 2004, this Court granted Hood's motion to amend his First Complaint, but denied his motion to remand. In his Amended Complaint, Hood's request for damages was amended to state, "an amount not less than $50,000." Subsequently, Hood filed a motion to remand and file an amended complaint, and that motion is presently before the Court.

## II. Standard for Removal

Removal is proper over any action that could have originally been filed in federal court. See 28 U.S.C. § 1441. Dryvit's basis for removal is diversity jurisdiction, pursuant to 28 U.S.C. § 1332. As the party seeking to invoke diversity jurisdiction, Dryvit bears the burden of

---

[3] Local Rule 81.2 mandates that when a defendant seeks to remove an action from an Illinois state court based upon diversity of citizenship, and where the complaint does not contain an express *ad damnum* in an amount exceeding the jurisdictional amount in controversy (exclusive of interests and costs), the notice of removal shall include either: (1) a response by the plaintiff to an interrogatory as to the amount in controversy stating that the damages sought by the plaintiff exceed the jurisdictional amount, or declining to agree that the damage award will in no event exceed the jurisdictional amount; or (2) an admission by the plaintiff in response to a request for admissions, or a showing as to the deemed admission by the plaintiff by reason of the plaintiff's failure to serve a timely denial to a request to admit. However, because Plaintiff's First Complaint alleges damages in excess of $500,000, Local Rule 81.2 is inapplicable to Defendant's removal.

demonstrating complete diversity of the parties, and that the amount in controversy requirement has been met. See Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997) (internal citations omitted). There is no dispute that complete diversity of the parties exists. The parties do dispute, however, whether the amount in controversy requirement has been met.

In determining whether Dryvit has met its burden of establishing that the amount in controversy exceeds the jurisdictional minimum, the Court must limit its inquiry concerning the amount in controversy to the evidence that "was available at the moment the petition for removal was filed." Chase, 110 F.3d at 428 (citing In re Shell Oil Co., 970 F. 2d 355, 366 (7th Cir. 1992) (per curiam)). Therefore, this Court must determine: (1) what evidence of the amount in controversy was available at the time of removal; and (2) does that evidence prove, to a reasonable probability, that the jurisdictional amount was met. Chase, 110 F.3d at 428.

Defendant contends that it has several reasons to believe that the amount in controversy exceeds the jurisdictional minimum of $75,000. First, Dryvit maintains that based on what it believes is a "common sense" reading of Hood's First Complaint, Defendant contends that at the time of removal, it had a good faith belief that the amount in controversy exceeded $75,000, as Plaintiff alleged that he had suffered in excess of $500,000 in diminution of value to his home. Additionally, Defendant points to Plaintiff's affidavit, which asserts that the damages related to his home do not exceed $74,500. Dryvit contends that in addition to these "economic losses" resulting from any damage to Hood's home, § 1332's amount in controversy prong requires a consideration of reasonable attorneys' fees and punitive damages where so by provided by statute. Consequently, Defendant contends, because the Illinois Consumer Fraud Act includes

both punitive damages and attorneys' fees as "other relief" (See 815 ILCS 505/10(a)), there is a reasonable certainty that the $75,000 amount in controversy requirement has been satisfied, given the requirement that Plaintiff's punitive damages and attorneys' fees can be considered in determining whether the jurisdictional minimum has been met.

Again, this Court notes that the crucial point of inquiry in determining whether Defendant has met its burden in proving that the amount in controversy meets the jurisdictional minimum is the time of removal. Hood urges this Court to look to his affidavit, stipulation, and amended Complaint, all filed post-removal, and find that the amount in controversy requirement has not been fulfilled, thereby requiring remand to Circuit Court. However, the Seventh Circuit has noted that it follows the Supreme Court's holding in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288 (1938), which held that jurisdiction is not stripped from the district court where, "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount." Chase, 110 F.3d at 429 (citing St. Paul, 110 F.3d at 592). Plaintiff filed his Complaint in Circuit Court on April 16 2004, and Dryvit was served with the summons and Complaint on April 26, 2004. On April 28, 2004, Dryvit served Plaintiff with several interrogatories regarding whether the amount in controversy sought by Plaintiff exceeded $75,000. On May 3, 2004, Defendant filed its notice of removal. Plaintiff did not file a response to Defendant's request to admit until May 27, 2004. Plaintiff had an adequate opportunity, between filing his complaint on April 16, 2004 and Defendant's May 3, 2004 removal, to correct any typographical error by filing the appropriate stipulation in state court.[4]

---

[4] As the Chase court notes:
Despite the Illinois ad damnum restriction, a plaintiff who claims more than [the jurisdictional minimum] in damages, but who wants to proceed in state court, can

Any typographical errors that Hood may have made does not affect the fact that on the face of his Complaint, and at the time of removal, Plaintiff alleged damages in excess of $500,000. Consequently, Defendant has met its burden of showing that at the time of removal, Plaintiff claimed damages sufficient to meet the amount in controversy requirement.

Finally, the Court must note that although Defendant has met its burden of demonstrating that the amount in controversy meets the jurisdictional minimum, through the course of discovery, it may become clear that Plaintiff's damages will not exceed the jurisdictional minimum, thereby mandating remand to the Circuit Court. However, this will only become clear once Plaintiff presents the Court with a sufficient itemization of all damages (including requested attorneys' fees and punitive damages). As previously stated, however, Defendant has met its burden of showing that the amount in controversy requirement exceeds the jurisdictional minimum.

---

control her forum by following this court's advice In re Shell: "Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant." Chase, 110 F.3d at 430 (quoting In re Shell, 970 F.2d at 356).

## III. Conclusion

For the foregoing reasons, Plaintiff's motion to remand is DENIED. Plaintiff's motion to file an amended complaint is GRANTED.

Enter:

/s/ David H. Coar

David H. Coar
United States District Judge

Dated: **September 16, 2004**